FIRST NATIONAL BANK OF
SHAKOPEE, Respondent,

v.

HALO INVESTMENTS, et al.,
Appellants,

Ali A. Hakim, Defendant.

No. C9–86–205.

Court of Appeals of Minnesota.

Oct. 7, 1986.

Phillip R. Krass, Krass & Monroe, Shakopee, for respondent.

Gary C. Eidson, Halpern & Druck, Minneapolis, for appellants.

Heard, considered and decided by HUS-PENI, P.J., and PARKER and RANDALL, JJ.

## OPINION

PARKER, Judge.

Respondent First National Bank of Shakopee filed suit in Scott County District Court, claiming fraud or breach of contract pursuant to a mortgage foreclosure. A bench trial followed, and the court found for respondent, awarding damages against appellants in the amount of $28,647.66. Appellants brought post-trial motions for amended findings or a new trial. The motions were denied by order. Appeal was made to this court. We affirm.

## FACTS

In 1977 Halo Investments, a partnership, purchased some vacant lots from the City of Shakopee. A promissory note was executed with the First National Bank of Shakopee for $55,000. Security for the payments consisted of (1) a purchase money mortgage on the subject property granted by Halo to the bank, and (2) assignment of a vendor's interest in a contract for deed (Hakim contract).

In 1978 the property was surveyed and platted as "Halo First Addition." The legal description changed as a result. For the purpose of incorporating the new legal description of the property into the mortgage, Halo and the bank entered into a promissory note and mortgage, dated May 12, 1982, in the amount of $24,252.08, the amount Halo owed the bank on the August 1977 promissory note.

The property representing security for the new note was described in the new mortgage as *"all* of lot (1), Block (1), Halo First Addition, etc." (emphasis added). The legal description of Halo's property which appeared on the 1978 plat indicated Halo's ownership of only "the northerly *one-third* portion of the property platted as Lot 1, Block 1, Halo First Addition" (emphasis added).

Halo defaulted in the payments under the 1982 note. The bank commenced foreclosure proceedings, notice of which was served in October 1982; the notice described the property to be sold according to the 1982 mortgage description, i.e., "all of lot (1)."

In December 1982 the bank purchased the property at a foreclosure sale for $35,525.96. The amount of the mortgage debt at that time was $26,575.60. The bank had bid $8,460.05 in excess of the debt. The bank, however, did not pay the "surplus amount" of $8,460.06.

When the bank attempted to sell the property, it became aware of the problem with the legal description; it sold the land actually foreclosed upon (the northerly *one-third* of lot (1)) for $13,500. The bank commenced this action against Halo on theories of fraud or breach of warranty, seeking to have the damage award secured by the assignment of the vendor's interest in the Hakim contract.

The trial court found that Halo had made fraudulent misrepresentations to the bank concerning the *second* legal description of the property mortgaged by the bank. Halo contends it did not know of the increased area set forth in the 1982 mortgage and that the description on the mortgage deed was drawn by the bank.

## ISSUES

1. Did appellants' misrepresentations to respondent constitute fraud?

2. Is respondent entitled to the proceeds from the Hakim contract for deed as payment for the debt remaining on the 1982 promissory note?

## DISCUSSION

### I

Respondent is entitled to damages if it is established that appellants made a false representation of a material fact. The supreme court has set forth the following requirements for a successful claim of fraudulent misrepresentation:

(1) There must be a representation.

(2) That representation must be false.

(3) It must have to do with a past or present fact.

(4) That fact must be material.

(5) It must be susceptible of knowledge.

(6) The representer must know it to be false or, in the alternative, must assert it as of his own knowledge without knowing whether it is true or false.

(7) The representer must intend to have the other person induced to act or justified in acting upon it.

(8) That person must be so induced to act or so justified in acting.

(9) That person's action must be in reliance upon the representation.

(10) That person must suffer *damage*.

(11) That damage must be attributable to the misrepresentation, that is, the statement must be the proximate cause of the injury.

*Weise v. Red Owl Stores, Inc.*, 286 Minn. 199, 202–03, 175 N.W.2d 184, 187 (1970).

■ Appellants executed the 1982 mortgage and represented therein that they owned more land than they actually did. Appellants signed two documents, both of which contained the incorrect legal description: the mortgage and the foreclosure notice. Appellants are experienced in the development of real estate, one being licensed as a real estate broker and the other as an agent. The trial court noted that appellants had *personal* liability on the note. The trial court, as finder of fact, could not accept that both appellants had failed to note the misdescription in both the mortgage and the foreclosure notice. The legal description was and is prominently displayed in the mortgage deed; the court indicated that appellants may have hoped to recover any surplus bid resulting from the incorrect description.

The 1982 mortgage included an express warranty of title which stated in pertinent part that "they are lawfully seized of said premises and have good right to sell and convey same, that the same are free from all encumbrances." Thus, appellants asserted that they were owners of land that they did not, in fact, own. In signing the mortgage, they placed respondent in a position in which it acted in reliance on appellants' representation of ownership. *Spiess v. Brandt*, 230 Minn. 246, 250, 41 N.W.2d 561, 565 (1950).

Respondent contends that, because appellants made fraudulent misrepresentations and breached the warranty of title, it can recover any damages demonstrated to have been lost as a result.

Under the foregoing rule of damages, it is clear that evidence was properly admitted upon, and the jury was correctly allowed to consider, the items of damage relating to injury to plaintiffs' reputation, settlements with subsequent purchasers, and the loss of those profits which had been actually earned prior to the discovery of the fraud.

*Lowrey v. Dingmann*, 251 Minn. 124, 127, 86 N.W.2d 499, 502 (1957). In this case, the fact that the land has been sold to a third party leaves respondent with only the remedy of an action for damages suffered as a direct result of appellants' misrepresentations.

There is adequate evidence in the record to support the court's findings and conclusions. A reviewing court will not overturn a lower court's findings unless it is left with a definite and firm conviction that a mistake has been made. *Cherne Industrial, Inc. v. Grounds & Associates, Inc.*, 278 N.W.2d 81, 88 (Minn.1979). The trial court's conclusion that the bank had been misled by appellants' fraudulent misrepresentations, to its damage, cannot be said to be clearly erroneous.

**II**

■ The Hakim contract was assigned and quit-claimed to respondent as security for the August 1977 promissory note. The trial court, having heard the evidence and observed the witnesses, concluded that the parties intended the 1982 mortgage to be an extension of the 1977 mortgage. The original promissory note had not been paid off. The bank never released its security

interest in the promissory note. Accordingly, the trial court concluded further, the parties intended the Hakim contract for deed as continued security for the 1982 mortgage. We hold that the trial court's conclusion that the interest in the Hakim contract should continue as security for the May 1982 promissory note and mortgage is supported by the evidence. It was linked to the initial mortgage, and there was no mention of releasing the Hakim contract when the second mortgage was executed.

Appellants' claim to the alleged "surplus" bid by the bank is without merit. In truth, no surplus existed; rather, appellants' misrepresentations caused a deficit. Respondent was left with less money than was due it under the mortgage. The Minnesota Supreme Court has held that "equity will prevent one party from taking an unconscionable advantage of another's mistake for the purpose of enriching himself at the other's expense." *Schoenfeld v. Buker*, 262 Minn. 122, 131, 114 N.W.2d 560, 566-67 (1962).

## DECISION

Affirmed.